## HORACE RATHBUN & another *vs.* WARREN HAYFORD.

If labor and materials have been furnished and used in the erection of a fence upon the land of several different owners, under an entire contract, with no stipulation for a separate price from either, a mechanic's lien therefor cannot be enforced upon the various lots of land collectively; nor is an account filed in the clerk's office, of the whole amount due, a sufficient compliance with *St.* 1855, *c.* 431, § 2, to authorize the enforcement of a lien upon either of them.

PETITION to enforce a mechanic's lien, dated September 26, 1860. A trial by jury was waived in the superior court, and the case was heard before *Brigham*, J., who found the following facts:

On the 1st of April 1860, the petitioners made a parol agreement with the respondent to furnish and erect for him an iron fence with iron posts, to be placed in front of a block of six houses on Village Street in Boston, for one dollar a foot for the fence, " and one half the value of the posts." This agreement related to the entire block of houses, having a front of one

hundred and six feet. The petitioners furnished the materials and erected the fence, according to the agreement, commencing on the 1st of May 1860, and ceasing on the 28th of the following June. Previously to the 1st of May 1860, the respondent was the owner of all the houses, with the lots of land on which they stood; but, by conveyances from him, four different persons had become and were the owners of five of them on that day. The petitioners filed in the office of the clerk of the city of Boston a statement, subscribed and sworn to, of a just and true account of the amount due to them on the 14th of July 1860.

The judge ruled that the petitioners were not entitled to a lien, and ordered judgment for the respondent; and the petitioners alleged exceptions.

*W. L. Burt,* for the petitioners.

*B. Dean,* for the respondent.

HOAR, J. It is evident upon the report of the evidence, and of the facts found by the court, as stated in the bill of exceptions, that the petitioners could not prevail in their suit, unless they could maintain their lien for the whole labor and materials furnished under their contract; nor unless that lien attached to the whole of the six houses. The lien is claimed under *St.* 1855, *c.* 431. That statute gives a lien upon the building or structure upon which the labor is performed, or for which the materials are furnished, and upon the interest of the owner of the building or structure in the lot of land upon which the same is situated. It certainly gives no authority to create a lien upon several estates belonging to different owners, for labor and materials expended upon all of them while they were owned in severalty, to be enforced against them collectively. By *St.* 1858, *c.* 55, § 1, the suit to enforce the lien must be commenced within ninety days after the person desiring to avail himself of the lien has ceased to furnish labor or materials upon the building or structure. Gen. Sts. *c.* 150, § 7. It appears by the bill of exceptions that the petitioners had an entire contract for the work and materials for the fence for all of the six houses, and that no separate price was agreed, and no separate account kept, of that which was furnished for each of them. Beside, the petition is

dated on the last day of the ninety days after the petitioners had ceased to work upon the fence for all the houses, and it does not appear that work had been done upon either, or materials furnished, within the days limited by the statute. If either house, or the lot upon which it stands, therefore, is regarded as the subject of a separate lien, they have failed to prove that as to that lot the suit is seasonably commenced.

Recurring to the facts reported, we there find that on the day when the petitioners began to supply the materials and do the labor for which the lien is claimed, three of the lots of land, with the houses upon them, had been conveyed to three different persons, who owned them in severalty, and to whom the petitioners gave no notice of any intention to claim a lien. The deeds by which these lots were conveyed contained an exception from the covenants of all incumbrances made or suffered by Hayford or by the several grantees. But if this could be construed as recognizing a lien to be created afterward by Hayford, by erecting any structure upon the land conveyed — which we do not by any means intend to intimate — it certainly could not have the effect of authorizing the creation of such a lien upon each lot for all that might afterward be done upon other lots; or of causing all the lots to be still regarded as a single estate for any purpose thereafter. The lien was created, if at all, not by the contract to build the fence, but by the actual performance of the labor, and furnishing the materials, upon the land of each several owner; and would only bind him to the extent of what was done upon his particular lot.

The petitioners are therefore met, not only with the obstacles which were held insuperable in *Morrison* v. *Minot*, decided at the present term (*ante* p. 403); but by other decisive objections peculiar to the state of facts which their own case presents.

*Exceptions overruled*